IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0223-04






DAVID SIDNEY HISEY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


GALVESTON COUNTY





 Per Curiam.


O P I N I O N 



 Appellant was charged with capital murder for intentionally or knowingly causing the
death of his mother, Sunnye Hisey, on or about November 15, 1999, and for intentionally or
knowingly causing the death of his father, Hollis Hisey, on or about July 15, 2000, pursuant to
the same scheme or course of conduct. A jury convicted appellant of the lesser offense of
murder and assessed punishment at 43 years' imprisonment and a $10,000 fine.

 The charge to the jury instructed that appellant should be found guilty of the lesser
offense of murder if jurors found that appellant was guilty of murdering both parents (but not
pursuant to the same scheme or course of conduct), his mother only, or his father only. The
verdict form provided the jury with three options: (1) guilty of capital murder; (2) guilty of 
murder; or, (3) not guilty. In neither the jury instructions nor the verdict form was the jury
instructed that it must unanimously agree upon any one of the three different criminal acts-
murder of mother, murder of father, or murder of both but not pursuant to a single scheme- to
convict appellant of the lesser offense. The First Court of Appeals held that "[a]s written, the
charge allowed for a non-unanimous jury verdict, in violation of the Texas Constitution's and
Texas Code of Criminal Procedure's requirements of a unanimous jury verdict in felony
cases." (1) We granted the State's petition for discretionary review to determine the correctness
of that decision. (2) In the interim, however, we addressed this same issue in Ngo v. State, (3) and
answered it adversely to the State's position. (4) We therefore dismiss the State's petition.

Delivered: April 27, 2005

Publish
1. [1] Hisey v. State, 129 S.W.3d 649, 659 (Tex. App. - Houston [1st Dist.] 2004); see Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Although appellant did not object to the
jury charge, the court of appeals found this error reversible under Almanza because appellant
suffered "egregious harm." The State did not request-and we did not grant-review of the court of
appeals' "egregious harm" analysis.
2. [2] We granted the State's single ground for review: "The First Court of Appeals erred in
finding the guilt-innocent charge of the court with its verdict page allowed for a non-unanimous
jury verdict of guilty for the lesser included offense of murder." 
3. [3] ___ S.W.3d __, 2005 Tex. Crim. App. LEXIS 457 (Tex. Crim. App., delivered March 16,
2005).
4. [4] Id. at *11 (concluding that "[w]hen the State charges different criminal acts, regardless of
whether those acts constitute violations of the same or different statutory provisions, the jury must
be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission
of any one of these criminal acts").